ORANGE COUNTY.—HON. GILBERT O. HULSE.—SURROGATE.—
JUNE, 1870.

## MATTER OF GOODRICH.

*In the matter of the final settlement of the estate of* CLAR-
INDA B. GOODRICH, *deceased.*

Under a bequest of a "residue to be equally divided between my two sons," naming them, but adding, "should the two sons die before they become 21 years of age then" a gift over to others,—the gift to the sons is vested, subject only to be divested by the death of *both* sons before attaining majority.

If one only should attain majority, the gift to the other would not lapse by his death in minority, but his share would go to his heir or next of kin.

A bequest of a fund, "part to the Bible Society, part to the Home of the Friendless, part to educate poor who wish to be evangelical ministers of the gospel, when they are thought to be qualified, and bid fair for usefulness, and for such religious purposes as the conference thinks best to appropriate it,—" is void for uncertainty.

THIS was a proceeding for a final settlement of the estate of Clarinda B. Goodrich, deceased.

The only questions arose upon the construction of the following clauses in the will of the decedent.

After giving some specific articles and two small legacies, he proceeds: "I direct that my executor do sell

all my real estate and personal property not hereinbefore bequeathed, and after paying my legal debts incurred during my life and by my death, and settling my estate, the residue to be equally divided between my two sons, John K. and Ariel E. Goodrich. Should the two sons die before they become twenty-one years of age, then I do " give and bequeath to my niece Caroline V. Colden, five hundred dollars ($500). And in aforesaid case for sister Laura's benefit, one thousand dollars ($1,000), to be controlled by David Crawford Houston, for her benefit, according to his best judgment.

*Sixthly :*—And in said case, I give and bequeath to my two sisters, Amanda Sellick and Harriet N. Peet the sum of five hundred dollars ($500) each.

" All the rest and residue to go for religious purposes, part for the Bible Society, part for the Home of the Friendless, part to educate poor who wish to be evangelical ministers of the Gospel when they are thought to be qualified, and bid fair for usefulness, and for such religious purposes as the conference thinks best to appropriate it."

She then appointed her executor.

D. F. GEDNEY, *for the executor.*

THE SURROGATE.—The two sons take all the property when they respectively become twenty-one years of age. If they both die before attaining to the age of twenty-one years, then the legacies will go to the niece and sisters, and for religious purposes, unless the clause in relation to religious purposes is void for uncertainty or indefiniteness.

Before the niece, sisters, and the religious objects can possibly take, both John R. and Ariel E. Goodrich must have died before either had attained to the age of twenty-one years. (1 *Jarm. on Wills,* 756 *;* 1 *Redfield on Wills,*

439-440, 488-489; *Dillon* v. *Harris*, 4 *Bligh*, *R. N. S.*, 321.) In case one of the sons attains the age of twenty-one years, he is then absolutely vested with the gift, and entitled to be paid his half of the rest and residue so given to him.

If one dies before attaining the age of twenty-one years, and the other attains to that age, the share of the one dying will go to his personal representatives. The share of the one so dying will not lapse because the event in which he could not take, has not happened, to wit, the death of both sons. (*Willard's Eq. Jur.*, 513; *Beekman* v. *Bonsor*, 23 *N. Y.*, 298).

I do not find any authority for holding a lapse in case of the death of one of the sons before 21 years of age, when the other son attains that age.

The gift is absolute to the two sons, to be equally divided. No time is fixed for the payment. The law fixes that, making it payable upon their respectively attaining the age of twenty-one years. There is only one condition which will subject the legacies to lapse, and that is " should the two sons die before they become twenty-one years of age." They are vested legacies, subject to be divested by the death of both sons under 21 years of age.

The next question is, what becomes of the estate in the case of the death of both sons before 21 years of age? This question as to part of the estate is easily answered.

Five hundred dollars is to be paid to Caroline V. Colden or her personal representative. One thousand dollars is to be paid to Daniel Crawford Houston, as trustee for Laura. Five hundred dollars each to her sisters Amanda Sellick, and Harriet N. Peet, or to their personal representatives.

The balance of estate will lapse by reason of uncertainty.

The bequest to the Bible Society is void for uncertainty, for who shall say what part it shall take. The same remark will apply to the bequest to the Home of the Friendless, moreover it does not designate the institution nor its location. (1 *Jarm. on Wills*, 316–317; *Jubber vs. Jubber*, 9 *Sim.*, 503; 1 *Redf. on Wills*, 671, *Pl.* 5. *and cases.*)

That the bequests "part to educate the poor who wish to be evangelical ministers of the gospel, where they are thought to be qualified and bid fair for usefulness"; " and for such religious purpose as the conference thinks best to appropriate it" are void for uncertainty, I need hardly ague or cite authority.

The balance of the estate, then, after taking out the legacies of $500 to the niece, $1,000 to her sister Laura, and $500 each to her sisters Amanda Selleck and Harriet N. Peet, will go to the testatrix' next of kin in the same manner and proportions as if she had died intestate.

Decree accordingly.